UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOHN DOE[1],

               Plaintiff,

        -against-

JANE DOE,

              Defendant.
---------------------------------------------------------------X

Civil Action No:

Jury Trial Demand

COMPLAINT

Plaintiff John Doe[1] ("Plaintiff"), by his attorneys Gage Spencer & Fleming LLP, as and for his Complaint against Defendant, respectfully alleges as follows:

## THE NATURE OF THIS ACTION

1. This case arises out of the repeated and willfully false statements of fact and false accusations made by Defendant Jane Doe, a female student at Vassar College, that Plaintiff, a male student at Vassar College, subjected her to nonconsensual sexual touching and harassment on the evening of May 4, 2019.

2. Defendant's false accusations referred to sexual activity which she initiated with Plaintiff, and to which she expressly consented.

---

[1] For the reasons outlined in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym and to Redact From Electronic Filings filed in the related case *John Doe v. Vassar College*, Civil Case No. 7:19-cv-09601 (NSR)(JM) (Dkt. No. 6), Plaintiff in this action requests permission to proceed pseudonymously with respect both to Plaintiff and Defendant here for the reasons provided in Plaintiff's Motion to Proceed Under Pseudonym and to Redact from Electronic Filings filed in that *Doe v. Vassar* action (Dkt. No. 6), the contents of which we adopt in their entirety and incorporate by reference in this action.

3. Defendant's accusations were (and are) false, defamatory, and defamatory per se, have intentionally inflicted emotional distress, and intentionally interfere with Plaintiff's prospective professional opportunities.

4. Plaintiff brings this action against Defendant out of necessity, not malice or ill will, because Defendant's false accusations caused Vassar College to suspend Plaintiff's education, banish him from campus, and destroy his final year of collegiate soccer.

5. If not remedied or the falsities retracted immediately, Defendant's false accusations will permanently impair Plaintiff's educational trajectory as well as threaten substantial and permanent damage to Plaintiff's personal and professional life going forward.

## THE PARTIES

6. Plaintiff is a natural person, citizen of the United States, and resident of the State of Connecticut. During the events described herein, Plaintiff was a student at Vassar College.

7. Defendant is a natural person, citizen of the United States, and resident of the State of Oregon. During the events described herein, Defendant was a student at Vassar College.

8. Plaintiff and Defendant are sometimes hereinafter collectively referred to as the "Parties."

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship between the parties. The parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The instant action is also related to, and arises out of the identical facts alleged in, the action captioned *John Doe v. Vassar College*, Civil Case No. 7:19-cv-09601 (NSR)(JM) pending in this Court.

10.     This Court has personal jurisdiction over Defendant on the ground that Defendant is an on-campus student at Vassar College located in the State of New York and in this judicial district.

11.     Venue for this action properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred at Vassar College located in Poughkeepsie, New York in New York's Dutchess County, which is considered to reside in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12.     On May 4, 2019, Plaintiff and Defendant were at a Vassar College party.

13.     At the party, Defendant approached Plaintiff.

14.     They had not met before.

15.     Defendant led Plaintiff to the dance floor.

16.     Though Defendant claimed later to have made a conscious decision not to have sexual contact with anyone due to the fact that she had already had an unspecified sexual encounter earlier that same day, Defendant engaged in sexual contact with Plaintiff, pushing her body into his.

17.     Defendant kissed Plaintiff intimately on the dance floor.

18.     Defendant engaged in consensual sexual touching with Plaintiff on the dance floor.

19.     Defendant led Plaintiff out of the party.

20.     Twice, once before and then as she was leaving the party with Plaintiff, a fellow student observing Plaintiff and Defendant asked Defendant if she was okay and whether she consented to what he concluded would be sexual activity with Plaintiff.

21. Defendant responded both times that she was fine and that she consented.

22. Vassar College's governing policy on consent relates to sexual contact.

23. The policy states: "[c]onsent can be given by words or actions, as long as those words or actions create clear permission regarding willingness to engage in the sexual activity."[2]

24. Defendant and Plaintiff walked to Plaintiff's dormitory room.

25. On the walk, Defendant admitted to Plaintiff that she had a sexual history with at least three members of Vassar's varsity soccer team of which Plaintiff was the Captain.

26. In Plaintiff's room, Defendant and Plaintiff engaged in mutual sexual touching.

27. Defendant touched Plaintiff's genitals.

28. Upon sensing that Defendant might be intoxicated to an extent which could possibly nullify the consent she had both expressed verbally and through her actions, Plaintiff withdrew from the sexual activity in compliance with Defendant's governing internal policies.

29. Plaintiff also withdrew from the sexual activity in compliance with his own moral code.

30. Defendant and Plaintiff did not have intercourse.

31. Plaintiff and Defendant were clothed during their encounter and when Plaintiff disengaged from his mutual sexual encounter with Defendant.

32. Days later, Defendant accused Plaintiff of touching her in a sexual fashion without her consent in violation of College Regulations.

33. Defendant accused Plaintiff of discrimination and harassment in violation of regulations pertaining to Sexual Harassment and Sexual Misconduct/Non-Consensual Sexual Contact.

---

[2] *Affirmative Consent*, Vassar College, eeoa.vassar.edu, https://eoaa.vassar.edu/title-ix/policy/affirmative-consent.html#targetText=Consent%20cannot%20be%20given%20when,force%2C%20or%20threat%20of%20harm, last accessed 4:20pm on October 23, 2019.

34. Among other things, Defendant falsely claimed that the consent she admittedly gave was merely to go to Plaintiff's dorm room, and that she had expressly withdrawn her consent while walking to Plaintiff's dorm room.

35. The consent required by Vassar College's governing policies relates to sexual contact, not to dorm room visitation.

36. Though Defendant took the position that her original consent was merely to go to Plaintiff's dorm room, Defendant incongruously and falsely explained that her purported withdrawal of consent related to sexual contact.

37. Defendant falsely accused Plaintiff of taking her to his room against her expressed wishes.

38. Defendant falsely accused Plaintiff of putting her on his bed against her expressed wishes.

39. Defendant falsely accused Plaintiff of touching her above her clothes against her express wishes.

40. Defendant further falsely accused Plaintiff of touching her below her clothes and engaging in skin-to-skin contact including digitally stimulating her clitoris and touching and kissing her bare breast.

41. Defendant falsely accused Plaintiff of continuing to touch her after she stopped responding.

42. Defendant also used a former sexual partner, JK, to testify in her favor against Defendant.

43. JK's testimony was particularly credited in Vassar's decision to find against Plaintiff.

44.  Defendant's false accusations led to the conclusion that Plaintiff was responsible for having engaged in nonconsensual sexual contact and sexual harassment in the form of the egregious, unwanted sexual conduct Defendant falsely described was perpetrated by Plaintiff.

45.  Based on Defendant's false accusations, Vassar College issued a sanction suspending Plaintiff for a semester, temporarily severing all rights and privileges of student status including, without limitation, his educational pursuits and his ability to play for and discharge his Captainship of the College's soccer team.

46.  In the days following his testimony, however, Defendant's witness, JK, issued written statements disavowing his testimony as unreliable, explaining that Defendant was "manipulative" and was a person who "knows how to get what she wants."

47.  JK admitted that he experienced distress from concerns about Defendant having sexual relationships with other of his volleyball teammates.

48.  Despite strong evidence of gender bias, deviations in the procedural rules which Vassar permitted Defendant to get away with, and JK's disavowal and recantation of his own testimony corroborating Defendant's story, Vassar affirmed the sanction against Plaintiff after his internal appeal.

49.  Following the decision, Plaintiff was ostracized and judged by other students, isolated from friends and acquaintances, and has suffered from entirely new and enduring feelings of depression and severe anxiety due to the decision against him and the stigma associated with such grave accusations.

50.  Defendant has an extensive sexual history involving multiple members of Vassar College's men's volleyball and soccer teams.

51. Defendant's sexual history is well known as she has been observed bragging publicly about her "wild sex life."

52. On information and belief, Defendant was motivated to pursue charges against Plaintiff, the one partner who had withdrawn from their sexual encounter, in order to mitigate the public's perception of her as sexually promiscuous.

53. Following her victory at the disciplinary hearing against Plaintiff, Defendant was heard to say, in words or substance, that the decision meant that no one would be able to "slut shame" her anymore, stating "now I am unslut-shamable."

54. Defendant's false accusations have caused now, and threaten to cause in the future, substantial damage to Plaintiff.

55. As a result of Defendant's actions, Plaintiff's academic career is suspended and his athletic career threatened with ruin.

56. Recruited to Vassar to play soccer, Plaintiff is in his senior year, is Captain of the School's Soccer Team, and had reasonable hopes of pursuing a professional soccer career overseas.

57. The punishment of suspension for a semester will eliminate Plaintiff's ability to collect enough credits to graduate on time with his class.

58. Plaintiff also has an opportunity to play soccer in a professional league in the United Kingdom beginning in Summer 2020.

59. Plaintiff's suspension means that he will either have to return to school in Fall 2020 to get the necessary credits to obtain his college degree and lose his professional soccer opportunity, or pursue his professional soccer ambitions and lose his opportunity to get a college degree for the foreseeable future.

60. Further, the false charge of nonconsensual sexual contact and sexual harassment threatens his eligibility to play in the professional league.

61. Defendant's false accusations, and the wrongful determinations of responsibility for sexual misconduct and harassment to which they led, have caused Plaintiff to lose his ability to declare a "correlate" in writing which, for this purpose, he had been taking a necessary English seminar class.

## AS AND FOR THE FIRST CAUSE OF ACTION
### Defamation

62. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

63. Defendant knowingly published false statements of fact and false accusations concerning Plaintiff to Vassar's administration and to her friends which have caused him damage.

64. These published false statements and false accusations included, without limitation, charges that Plaintiff touched her in a sexual fashion without her consent, discriminated against her and subjected her to sexual harassment, took her to his room against her expressed wishes, forcibly put her on his bed against her expressed wishes, touched her above her clothes against her express wishes, touched her below her clothes, engaged in skin-to-skin contact including digitally stimulating her clitoris and touching and kissing her bare breast, and continued to touch her after she stopped responding.

65. Defendant's false statements and false accusations have exposed Plaintiff to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, and disgrace, and have induced an evil opinion of Plaintiff in the minds of right-thinking persons, and deprived Plaintiff of confidence and friendly intercourse in society.

66. Her false statements and false accusations are also of the type that tend to injure people in their academic and athletic career, and have done so to Plaintiff here.

67. Defendant published these false statements and false accusations without privilege or authorization.

68. Her false statements and false accusations are defamatory *per se* because they charge Plaintiff with having committed acts of moral turpitude.

69. Defendant made these false statements and false accusations with actual malice and with the intent to injure Plaintiff; they constitute willful and wanton conduct.

70. For example, to ensure that her false charges stuck, Defendant also lied to cover up her targeting of Plaintiff, her initiation of sexual contact with him, and the undisputed consent she expressed twice to a third party by saying, first, that her consent did not relate to the continuation of the sexual activity she had begun before, second, fabricating that she had expressed the withdrawal of consent to sexual activity which she first claimed she never gave.

71. She also manipulated a former lover, JK, into providing corroborating testimony which, days afterwards, he recanted and disavowed.

72. Motivated by her desire to mitigate the public perception on campus that she was sexually promiscuous and to establish a counter narrative that she was a victim resisting sexual contact, Defendant set out, through the use of false statements and accusations, to ensure that she would no longer be "slut shamed."

73. Defendant's self-serving false statements and false accusations have reprehensibly and unjustifiably tarnished Plaintiff's reputation with baseless associations of sexual misconduct, and caused Plaintiff further damages by causing the loss of his athletic season, the interruption of

his educational pursuits, likely harm to his professional opportunities, and other direct and consequential damages.

74. As a result of the foregoing, Plaintiff has suffered legal damages in an amount to be determined at trial including compensatory and punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**<u>Intentional Infliction of Emotional Distress</u>**

75. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

76. Based on the foregoing facts and circumstances, Defendant intentionally defamed Plaintiff and intentionally inflicted emotional harm by publishing the false statements and false accusations about Plaintiff.

77. Defendant's publication of her false statements and false accusations against Plaintiff to serve her own selfish purposes to change her own sullied reputation was extreme and outrageous conduct that was beyond the bounds of decency and utterly intolerable in a civilized society.

78. Defendant's publication of her false statements and false accusations against Plaintiff were made with the intent to cause severe emotional distress, or with reckless disregard for the substantial probability that the publication would cause Plaintiff severe emotional distress.

79. Defendant's publication of her false statements and false accusations condoned the publication of inflammatory, potentially ruinous charges with actual knowledge of their falsity and a deliberate indifference to the truth.

80. As a consequence of Defendant's publication of false statements and false accusations, Plaintiff's reputation has been reprehensibly and unjustifiably tarnished with baseless associations of sexual misconduct, and Plaintiff has been subjected to the loss of his athletic season, the interruption of his educational pursuits, likely harm to his professional opportunities, and extreme emotional distress as a consequence.

81. Defendant's actions were so outrageous and utterly intolerable that they have caused Plaintiff mental anguish and severe psychological and emotional distress in addition to loss of reputation, loss of educational and athletic opportunities, possible loss of professional opportunities, and other direct and consequential damages.

82. As a result of the foregoing, Plaintiff has suffered legal damages in an amount to be determined at trial including compensatory and punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

## AS AND FOR THE THIRD CAUSE OF ACTION
**Tortious Interference With Prospective Business or Economic Advantage**

83. Plaintiff repeats and realleges each and every allegation hereinabove as if fully set forth herein.

84. Plaintiff had a valid expectation and likelihood of playing professional soccer in the United Kingdom following his anticipated graduation from Vassar in Spring 2020.

85. Based on prior time spent in the U.K training, Plaintiff formed a prospective business relationship with a professional soccer team in the United Kingdom which has expressed its willingness to sign him to a professional soccer contract upon his graduation.

86. On information and belief, Defendant knew Plaintiff was Captain of the Vassar soccer team and knew Plaintiff planned on playing professional soccer with the U.K. team upon his graduation.

87. Based on the foregoing facts and circumstances, Defendant intentionally defamed Plaintiff and intentionally inflicted both injuries to his academic and athletic careers and severe emotional harm by publishing the false statements and false accusations about Plaintiff.

88. For the reasons given above, Defendant's publication of her false statements and false accusations against Plaintiff were baseless, untrue, and self-serving.

89. Defendant's publication of her false statements and false accusations condoned the publication of inflammatory, potentially ruinous charges with actual knowledge of their falsity and a deliberate indifference to the truth with the consequence that Plaintiff's reputation has been reprehensibly and unjustifiably tarnished with baseless associations of sexual misconduct, and Plaintiff has been subjected to the loss of his professional soccer opportunities, among other things.

90. On information and belief, the U.K. professional soccer team with which Plaintiff expects to enter a contract and begin a professional soccer career plays in a league which, like most professional sports leagues, is highly sensitive, among other issues, to charges of sexual misconduct.

91. If not remedied in this action or otherwise, Defendant's publication of her false statements and false accusations defaming Plaintiff will jeopardize Plaintiff's business relationship with the U.K. soccer team, the likelihood that it will sign him to a contract, and his opportunity to play professional soccer.

92. As a result of the foregoing, Plaintiff has suffered legal damages in an amount to be determined at trial including compensatory and punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements.

**PRAYER FOR RELIEF**

**WHEREFORE,** for the foregoing reasons, Plaintiff demands judgment against Defendant for legal damages in an amount to be determined at trial including compensatory and punitive damages, plus prejudgment interest, attorneys' fees, expenses, costs and disbursements, plus such other and further relief as the Court deems just, equitable and proper.

**JURY DEMAND**

Plaintiff herein demands a trial by jury of all triable issues in the present matter.

Dated: New York, New York
October 24, 2019

GAGE SPENCER & FLEMING LLP

By: */s/ William B. Fleming*
William B. Fleming
410 Park Avenue, Suite 810
New York, New York 10022
Tel. (212) 768-4900
Wfleming@gagespencer.com
*Attorneys for Plaintiff John Doe*