UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOHN DOE,

                                                                                            Civil Case No.: 7:19-cv-09838

                Plaintiff,

          *-against-*

JANE DOE ,

                Defendant.
------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND TO REDACT FROM ELECTRONIC FILINGS**

        Plaintiff John Doe ("Plaintiff"), by and through his attorneys Gage Spencer & Fleming LLP, respectfully submits this memorandum of law in support of his motion for the parties to proceed in this action using the pseudonyms John Doe and Jane Doe for Plaintiff and Defendant, the student who made allegations of nonconsensual sexual touching, and for permission to redact their two real names from electronically filed documents submitted in this action. For the reasons which follow, the motion should be granted.

<u>Argument</u>

        Due to the sensitivities undergirding the subject matter of the instant action set forth in Plaintiff's Complaint (Dkt. No. 1), Plaintiff respectfully requests that the parties be permitted both (i) to use pseudonyms John Doe and Jane Doe for the two college students whose sexual encounter serves as the factual center of the claims brought in this action, and (ii) to redact their real names from the documentary evidence publicly submitted in the case.[1]

---

[1] The Complaint in this action concerns harm resulting from Defendant's false statements and false accusations made against Plaintiff in a Vassar College disciplinary proceeding. Defendant falsely accused Plaintiff of having engaged in nonconsensual sexual touching of

1

Defendant has requested that Plaintiff take all necessary steps to ensure the privacy of the two students.

        I.        <u>Plaintiff Should Be Allowed to Use a Pseudonym</u>

The Second Circuit has articulated governing standards for proceeding anonymously under a pseudonym. In the case of *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-191 (2d Cir. 2008), the Court noted that courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." The Court further stated that it "now set forth the standard governing the use of pseudonyms in civil litigation in our Circuit," and that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." In the instant case, the Plaintiff's interest in proceeding anonymously is very high due to the highly sensitive and personally damaging nature of the subject matter of allegations of sexual misconduct. Furthermore, the public has little interest in knowing Plaintiff's identity where, as here, the reliability of the allegations and Defendant's determinations are in question, and the Defendant, for reasons discussed below, not only will suffer no prejudice from Plaintiff proceeding anonymously but has actually requested that Plaintiff take necessary steps to ensure the privacy of the two students.

The Court listed applicable factors for making such a determination. These factors are addressed below along with an explanation as to how each bears on the instant

---

Defendant. Despite witness evidence establishing that Jane Doe had both initiated sexual contact and affirmatively voiced to a third party her consent to sexual contact with Plaintiff, and though Plaintiff withdrew from the consensual contact soon after it began, Defendant filed a complaint against him that he had touched her without her consent. Ultimately, in spite of this evidence, and having expressly relied on further testimony which a third party witness later disavowed and recanted, Vassar College found Plaintiff responsible for nonconsensual sexual contact and imposed a sanction of suspension from school and banishment from the campus.

motion here:

> (a)  whether the litigation involves matters that are "highly sensitive and [of a] personal nature.

Questions concerning nonconsensual sexual touching are highly sensitive, explosively volatile, and personally damaging for both the accused and the victim. Vassar College shares the concern as the case's underlying allegations pertain to two of its students, and preserving the privacy of the students involved is an affirmative policy of the School. Under its policy, Vassar has pledged to "endeavor to maintain confidentiality in all informal and formal proceedings," to "maintain [students'] privacy to the greatest extent possible," to protect personally identifiable information by sharing only "as necessary with as few people as possible and making every effort to protect the student's privacy."[2]

> (b)  whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties.

Identifying the Plaintiff and Defendant would risk causing trauma, humiliation, and emotional distress to their loved ones, and damage to their reputations in the eyes of the public, notwithstanding the ultimate outcome of litigation. Conversely, keeping the identities confidential does no harm to any non-parties. Furthermore, mere allegations of sexual misconduct introduce raised chances of retaliatory physical harm, social isolation, or permanent reputational damage from the general public who become aware of them, even those with no knowledge of the case even years after the litigation.

> (c)  whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.

There is an ever heightening social stigma attached to being associated even with

---

[2] Sexual Misconduct and Gender Based Violence, Vassar College, https://deanofthecollege.vassar.edu/documents/college-regulations/f/, last visited 11:50am on October 20, 2019.

untrue allegations of sexual misconduct. Thus, mere allegations pose significant risks of permanent reputational harm, both professionally and personally, regardless of the outcome of this litigation. Present and future acquaintances, employers, and others would be a Google search away from learning about the highly damaging allegation which jeopardizes all aspects of these students' future, from their social lives, to employment opportunities, to chances for public office or service. Due to the severity of the stigma attached to sexual misconduct, and the media's attention to such actions on college campuses, disclosure of Plaintiff's identity would add undue pressure against his effort to vindicate his good name. In this way alone, among others, disclosure of his identity would contravene the public benefit of ensuring that litigants freely access the courts to vindicate injustices and likely chill similarly situated individuals afraid of such lasting damage from seeking legal redress in their own names.

>  **(d)** *whether the plaintiff is particularly vulnerable to the possible harms of disclosure.*

Plaintiff is generally vulnerable to harm from public disclosure due to the lasting stigma from being associated with even allegations of sexual misconduct. He is also specifically vulnerable, in that disclosure of his identity would introduce impediments to continuing education and professional opportunities, including an opportunity to play soccer in a professional league in the U.K. which – as we have all plainly seen in professional sports leagues in the U.S. – may be under particular pressure to distance itself from those publicly alleged to have engaged in any form of sexual misconduct.

>  **(e)** *whether the suit is challenging the actions of the government or that of private parties.*

The suit is challenging the actions of a private individual, and further concerns a private educational institution and which has indicated its desire that the anonymity of its two students involved here be preserved.

> *(f)    whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court.*

Defendant will not suffer any prejudice from Plaintiff proceeding anonymously. Defendant presumably shares the interest in anonymity for herself and in protecting her privacy, and Vassar College too seeks the preservation of privacy and anonymity.[3]  Additionally, Defendant is aware of Plaintiff's identity and will be able to defend this action equally as well as if Plaintiff proceeded under his real name.

> *(g)    whether the plaintiff's identity has thus far been kept confidential.*

The identities of both Plaintiff and Defendant have been kept confidential since this action was commenced.

> *(h)    whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity.*

We respectfully submit that the public's interest in knowing the identity of the people using the nation's courts is far outweighed, in this case, by the parties' private interests and potential harm from disclosure of their real names, as discussed above.  Furthermore, the question of anonymity is wholly unrelated to the public's overriding interest in ensuring that justice be vindicated and obtained without resulting in damage to litigants caused by false accusations, as well as in preventing a chill on future litigants from seeking to vindicate these issues, which could result from a denying Plaintiff's request to proceed anonymously.

> *(i)    whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.*

As discussed above, the public's interest in knowing Plaintiff's identity is atypically weak compared to its interest in answering the questions of whether Defendant

---

[3]   *See supra*, n. 1.

defamed him and intentionally inflicted emotional and economic harm upon him. Additionally, this matter does not involve government action, or any changes in public or governmental policy that would impact others. Lastly, Plaintiff's anonymity would have no effect or impact on the public's interest as stakeholders in any issue. As such, the interest in revealing Plaintiff's name is low.

> ***(j)    whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.***

No other apparent mechanisms for protecting the confidentiality of Plaintiff would suffice. Even sealing all records of the litigation, pending a favorable outcome, would not remedy the fact that in today's information age, once a public record exists on the internet it spreads at the mere tap of a finger and is impossible to permanently remove.

Based on the above discussion of the factors set forth in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188- 191 (2d Cir. N.Y. 2008), Plaintiff should be entitled to proceed as John Doe in the present case.

> II.    The Parties Should Be Permitted to Redact the Names of
> <u>Plaintiff and the Female Student From the Incident At Issue</u>

As discussed above, the incident at the center of the claims in this case involves an alleged nonconsensual sexual touching between two students. In view of the sensitive nature of the allegations, and the lasting harm that could result from publicizing the individuals involved, the individuals' names should be redacted from the public filings.

Section 21 of the Electronic Case Filing Rules & Instructions applicable to the Court states, in relevant part, that "[i]n order to protect people's privacy . . . , parties should be cautious when filing sensitive information." *See* SDNY Electronic Case Filing Rules & Instructions, § 21.1. Publicly filed documents should not be included unless "necessary and relevant to the case." *Id*., § 21.3. Here, the names of the two students are not necessary or

relevant to a just and fair determination of the issues presented especially where Defendant is already aware of their identities.  During the pendency of the case, the parties will maintain possession of original, unredacted versions of all filed documents and will remain able to furnish the Court with those unredacted versions, if necessary, upon request.

    Accordingly, to protect the privacy of the two students as concerns highly sensitive and potentially harmful allegations, and in compliance with the Court's policy admonishing parties against electronically filing information of such a nature where not necessary to a just and fair adjudication of the issues, Plaintiff respectfully requests that he be permitted to redact the names of the two students from all publicly-filed documents in the case.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's motion should be granted and we respectfully request that Plaintiff be allowed to continue to proceed anonymously and the parties be allowed to redact the documentary evidence to remove all references to the true names of John Doe and Jane Doe.

Dated:   New York, New York
         October 25, 2019

                                        GAGE SPENCER & FLEMING LLP


                                        By:    */s/ William B. Fleming*
                                               William B. Fleming
                                               410 Park Avenue, Suite 810
                                               New York, New York 10022
                                               Tel. (212) 768-4900
                                               Wfleming@gagespencer.com
                                               *Attorneys for Plaintiff John Doe*